IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEREMIAH MATHEWS,<br><br>    Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI,<br><br>    Defendant. | )<br>)<br>)<br>)  Civil Action No. 21-1140<br>)<br>)<br>)<br>)<br>) |

ORDER

AND NOW, this 28th day of September 2022, having considered the parties' cross-motions for summary judgment, the Court will order judgment in favor of Defendant.[1] The Administrative Law Judge's ("ALJ") decision denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, is supported by substantial evidence. Accordingly, it will be affirmed. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019) (citing 42 U.S.C. § 405(g)).[2]

---

[1] Defendant has asked not only for a favorable determination of her summary judgment motion, but also that costs be taxed against Plaintiff. Because the latter request is not supported by argument in her accompanying brief; the Court's Order excludes an award of costs. *See Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996) (explaining that "conclusory assertions" are insufficient to bring an issue before the courts).

[2] Plaintiff argues that this matter should be remanded because the ALJ (1) rejected medical opinion evidence for a wrong reason, (2) rejected part of another medical opinion without explaining her reason for doing so, and (3) failed to resolve an apparent conflict between Plaintiff's residual functional capacity ("RFC") and the level-three reasoning required for several of the occupations identified for him. As explained herein, the Court has found no harmful error in the ALJ's evaluation of the medical opinion and other relevant evidence. Accordingly, it is unnecessary for the Court to resolve the level-three reasoning issue. The underlying non-disability determination will be affirmed.

ALJs use a five-step analysis to determine disability wherein an ALJ "consider[s] . . . whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his or her past relevant work,

and (5) if not, whether he or she can perform other work." *Roberts v. Astrue*, No. 02:08-CV-0625, 2009 WL 3183084, at *2 (W.D. Pa. Sept. 30, 2009) (citing 20 C.F.R. §§ 404.1520, 416.920; *Burnett v. Comm'r of Social Security*, 220 F.3d 112, 118—19 (3d Cir. 2000)). Critical to this analysis is the ALJ's formulation of a claimant's RFC which "is the most [a claimant] can still do despite . . . limitations" arising from any medically determinable impairment regardless of whether the impairment is "severe." 20 C.F.R. § 404.1545(a)(1)—(2). The ALJs findings are reviewed for substantial evidence. *Biestek*, 139 S. Ct. at 1152. Substantial evidence is not a high evidentiary threshold. *Id.* at 1154. It requires only "more than a mere scintilla" of evidence, *i.e.*, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Despite the modest evidentiary demand of the standard, ALJs are dutybound to consider all relevant evidence in a claimant's record. *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). An ALJ's decision must reflect a thorough consideration of the evidence and permit "meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004); *Gamret v. Colvin*, 994 F. Supp. 2d 695, 698 (W.D. Pa. 2014) (citing *Hodes v. Apfel*, 61 F.Supp.2d 798, 806 (N.D. Ill. 1999)) (describing an ALJ's task as "build[ing] an accurate and logical bridge between the evidence and the result").

Plaintiff has argued that the ALJ's RFC determination cannot be found to be supported by substantial evidence because she erred in her evaluation of medical opinion evidence. His first argument in this regard is that the ALJ mistakenly rejected one of the medical opinions in the record because she believed it to be a Department of Veterans Affairs ("VA") disability determination rather than a medical opinion. Medical opinion evidence is critical to an ALJ's evaluation of a claimant's RFC. 20 C.F.R. § 404.1545(a)(3). "A medical opinion is a statement from a medical source about what [a claimant] can still do despite [his/her] impairment(s) and whether [he/she] ha[s] one or more impairment-related limitations or restrictions in" work-related abilities. *Id.* § 404.1513(a)(2). An ALJ must consider the opinions of every source whose opinion appears in the record. *Id.* § 404.1520c(b)(1) (explaining the source-level articulation requirement for medical opinion/prior administrative medical findings evidence in cases with applications filed on or after March 27, 2017).

In this matter, Plaintiff's VA therapist, licensed clinical social worker (LCSW) Jessica Pierce, authored a letter about Plaintiff that is in the record as Exhibit 6F. (R. 1468). Defendant argues that Ms. Pierce is not an acceptable medical source, but the Court need not answer that question to resolve this issue. Ms. Pierce's statement is a one-page letter wherein Ms. Pierce conveyed that:

- Plaintiff was seen for PTSD at the VA where he attended weekly individual therapy
- PTSD is a chronic disorder that "may occur in people who have experienced/witnessed a traumatic event"
- There are four clusters of PTSD symptoms

- Plaintiff has experienced symptoms of PTSD, such as "intrusive thoughts," "flashbacks," "nightmares," "anxiety," "panic attacks," and "difficulty falling/staying asleep"
- Plaintiff's "sleep disturbances" affected "his mood and ability to concentrate/focus"
- Plaintiff has had "difficulty with emotion regulation" leading to interpersonal difficulties, and has reported outbursts toward supervisors and customers at his last place of employment
- Plaintiff has experienced symptoms of depression affecting "his motivation, energy level, self[-]worth/esteem, hygiene, and ability to connect/engage with people" and has sometimes isolated himself
- Psychosocial stressors might "exacerbate [Plaintiff's] PTSD symptoms"

(*Id.*). Ms. Pierce also wrote that "it's evident that Mr. Mathews's service[-]connected disability direct effects his ability to gain substainal [sic] employment." (*Id.*). In her decision, the ALJ acknowledged this exhibit, but explained that she would "not provide[] articulation about the evidence that is inherently neither valuable nor persuasive, including the findings of disability from the Department of Veterans Affairs." (R. 23 (citing Ex. 6F)).

Plaintiff concedes that this statement of the law is correct: a disability determination from the VA does not bind an ALJ evaluating disability under the Act. 20 C.F.R. § 404.1504 (explaining that the Social Security Administration "will not provide any analysis . . . about a decision made by any other governmental agency or a nongovernmental entity about whether [the claimant is] disabled"). However, Plaintiff argues that Ms. Pierce's letter is a medical opinion, not a VA disability determination, and that the ALJ therefore rejected this exhibit "for the wrong reason." *Cotter*, 642 F.2d 706 (citation omitted).

Having considered this argument, the Court finds no harmful error in the ALJ's consideration of Ms. Pierce's letter. The part of the letter wherein Ms. Pierce indicated Plaintiff could not obtain substantial gainful employment goes to the final issue of disability. Even if that is not a VA disability determination, it is an opinion on an issue that only the Commissioner may decide. Accordingly, it is neither inherently valuable nor persuasive. 20 C.F.R. § 404.1520b(c)(3)(i). And though the other information in Ms. Pierce's letter does not necessarily appear to constitute a VA determination of disability, it neither appears to be a medical opinion. Therein, Ms. Pierce identified Plaintiff's symptoms of PTSD, noted—generally—that Plaintiff's symptoms affected concentration and interaction, and noted further that Plaintiff's condition might affect stress tolerance. However, Ms. Pierce did not opine any specific limitations or restrictions of Plaintiff's ability to "perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting." 20 C.F.R. § 404.1513(a)(2)(ii). Thus, the Court finds that her non-

3

specific references to concentration, interactions, and stress are too vague to transform her letter into a medical opinion, and the ALJ did not harmfully error in failing to treat it like one. Additionally, insofar as Ms. Pierce's statement was relevant, non-opinion evidence, the Court finds no harmful error in the ALJ's failure to engage it further. The ALJ thoroughly considered evidence of Plaintiff's symptoms from his mental impairments and their impact on his ability to concentrate and interact with others throughout her decision. Without reason to believe that a more thorough consideration of this letter would have "affected the outcome" of this case, there is no need for remand. *Morasco v. Kijakazi*, No. CV 21-130, 2022 WL 296286, at *1 n.4 (W.D. Pa. Feb. 1, 2022) (citation omitted).

Plaintiff's next argument is that the ALJ's consideration of Dr. John Gavazzi's opinion is inadequate. Plaintiff argues that the ALJ effectively rejected part of Dr. Gavazzi's opinion without acknowledging the rejection, thus violating the other principle of *Cotter*: that ALJs may not reject evidence "for no reason." 642 F.2d at 706 (citation omitted). Dr. Gavazzi opined that Plaintiff could, among other things, "make simple decisions," "carry out *very short and simple instructions*," and "perform one- and two-step tasks." (R. 22, 110). The ALJ found this opinion to be "very persuasive." (R. 22). Based on this opinion, other opinion evidence, objective medical evidence, and Plaintiff's substantial daily activities, the ALJ found that Plaintiff could "understand, remember and carry out *simple instructions and perform simple routine tasks* such as those akin to the requirements of work at the SVP 1 or SVP 2 levels." (R. 16). Comparing Dr. Gavazzi's opinion to the RFC finding, Plaintiff argues that the ALJ effectively rejected the "very short" component of Dr. Gavazzi's limitation to "very short and simple instructions." He argues that once an ALJ affords "a high level of weight to a piece of medical opinion evidence, then all the relevant parts of that opinion should be adopted unless the ALJ explains why certain parts are not adopted or given less deference." (Doc. No. 14, pg. 8).

The Court finds no error in the ALJ's evaluation of Dr. Gavazzi's opinion and other evidence toward the RFC determination. As Plaintiff concedes, an ALJ is "not required to adopt all of [a medical source's] opinion solely because she found the opinion as a whole persuasive." *Wilkinson v. Comm'r Soc. Sec.*, 558 Fed. Appx. 254, 256 (3d Cir. 2014). The critical issue is whether the ALJ adequately explains and supports her conclusions. *See Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001) ("Where there is conflicting probative evidence in the record, we recognize a particularly acute need for an explanation of the reasoning behind the ALJ's conclusions, and will vacate or remand a case where such an explanation is not provided."). In this matter, the ALJ evaluated Dr. Gavazzi's opinion consistent with her obligations set out in 20 C.F.R. § 404.1520c. Pursuant thereto, the ALJ articulated the opinion's persuasiveness and explained her consideration of supportability and consistency pursuant to subsection 404.1520c(b)(2). (R. 22). Though the ALJ found Dr. Gavazzi's opinion to be very persuasive, his opinion was not the only evidence relevant to the ALJ's determination of which limitations would be appropriate to include in the RFC. The ALJ also considered the opinion offered by Dr. Chantal Deines, Psy.D., which was also found to be "very persuasive." (R. 23). Dr. Deines opined, *inter alia*, that Plaintiff had only a "mild limitation in understanding,


Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 13) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 18) is GRANTED as specified above.

<div style="text-align:right">s/ Alan N. Bloch<br>United States District Judge</div>

ecf:    Counsel of Record

---

remembering or carrying out complex instructions." (*Id.*). The ALJ found these opinions and Plaintiff's robust daily activities were consistent with each other and supported the RFC determination with its limitation to "simple instructions" and "simple routine tasks." (R. 16, 23—24). The Court is satisfied by that explanation and by the support cited for the RFC. ALJs are solely responsible for finding a claimant's RFC. SSR 96-5P, 1996 WL 374183, at *2 (S.S.A. July 2, 1996). In articulating a concise RFC determination that reflects thorough consideration of the entire record, an ALJ will necessarily arrive at an RFC that is supported by the evidence but not necessarily identical to any one record or opinion. There is no corollary requirement that an ALJ explicitly reject any part of a persuasive/very-persuasive opinion that does not make it into the RFC verbatim and provide an explanation for having purportedly rejected such evidence. The ALJ's discussion of evidence in this matter gives the Court adequate insight into her reasoning to understand how the evidence of record informed her formulation of the RFC. It is unnecessary to remand for further explanation of her consideration of Dr. Gavazzi's opinion.

Plaintiff's remaining argument is that the ALJ's limitation to "simple instructions" created an apparent conflict with the level-three reasoning needed for some of the jobs the vocational expert ("VE") identified for the ALJ's consideration at step five of the analysis. However, Plaintiff has conceded that other occupations identified require only level-two reasoning and that level-two reasoning does not conflict with a limitation to "simple instructions." (Doc. No. 14, pgs. 6—7). In the final step of her analysis, the ALJ confirmed that "Office Clerk, DOT#239.567-010" and "Garment Sorter, DOT#222.687-014" with 35,000 jobs and 53,000 jobs, respectively, in the national economy would be available to Plaintiff. These jobs require level-two reasoning and are not challenged as being incompatible with the "simple instructions" limitation. Accordingly, having found no error in the ALJ's RFC determination with its "simple instructions" limitation, the Court need not resolve this remaining argument. For this and the forgoing reasons, the ALJ's decision finding Plaintiff to be not disabled under the Act shall be affirmed.